IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRENT R. INGALLS, | § | |
| | § | No. 88, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2304002905 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: July 28, 2025
Decided: September 29, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State of Delaware's response, and the record on appeal, it appears to the Court that:

(1) On July 24, 2024, the appellant, Trent Ingalls, pleaded guilty to one count of second-degree murder, one count of possession of a firearm during the commission of a felony, one count of first-degree burglary, one count of first-degree reckless endangering, and one count of first-degree conspiracy. Following a presentence investigation, the Superior Court sentenced Ingalls to a total of 37 years

and 6 months of incarceration, followed by decreasing levels of supervision. This is Ingalls' direct appeal.

(2) Ingalls' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a conscientious review of the record and the law, he has concluded that this appeal is wholly without merit. In his statement filed under Rule 26(c), counsel states that he informed Ingalls of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Ingalls of his right to supplement his attorney's presentation. Ingalls has not raised any issues for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[1] Second, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

(4) The Court has reviewed the record carefully and has concluded that Ingalls' appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Ingalls could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice